# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| David Green, Jr, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:19-cv-3270-TMC |
| v. ) | |
| ) | **ORDER** |
| Ward Benjamin McClain, Jr., ) | |
| ) | |
| Defendant. ) | |

Plaintiff David Green, Jr. ("Plaintiff"), proceeding *pro se*, brought this action against Defendant Ward Benjamin McClain, Jr. ("Defendant"), who served as Plaintiff's attorney in connection with a 2017 arrest in Greenville County on charges that included illegal narcotics activity. (ECF Nos. 10; 20-1 at 1). Plaintiff asserted his claims against Defendant on a standard form complaint for violation of civil rights, *i.e.*, a prisoner's complaint. (ECF Nos. 1; 10). Plaintiff brought claims under 42 U.S.C. § 1983, alleging that Defendant violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights while serving as his lawyer. (ECF No. 10 at 4). He also alleged that Defendant breached their agreement for legal services and otherwise failed to provide adequate representation. *Id*. at 10–12.[1] Defendant filed

---

[1] Plaintiff originally filed this action on November 20, 2019. (ECF No. 1). The magistrate judge issued an order advising Plaintiff that Defendant was not a state actor as required by § 1983 and that there did not appear to be any other independent basis for federal jurisdiction. (ECF No. 8 at 4–7). The order afforded Plaintiff an opportunity to file an amended complaint to establish a basis for jurisdiction. *Id.* at 7–8. On December 4, 2019, Plaintiff filed an amended complaint, using the

a motion to dismiss Plaintiff's civil rights claims against him on the basis that, as an attorney in private practice, he was not acting under color of state law. (ECF No. 20-1 at 3).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b), (e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Defendant's motion to dismiss. (ECF No. 28 at 6). The magistrate judge determined that Plaintiff failed to state a claim under § 1983 because Defendant is a private individual who is not a state actor. *Id*. at 4. As a result, the magistrate judge concluded that Plaintiff has not alleged that he was deprived of his "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. *Id*. Nonetheless, the magistrate judge, mindful of the more forgiving standard of review that applies to *pro se* filings, found that Plaintiff's allegations "could be liberally construed as breach of contract or legal malpractice claims." *Id*. at 2. Additionally, noting that Plaintiff alleges he is a Maryland resident who seeks damages in excess of $200,000 from Defendant, a South Carolina resident, the magistrate judge concluded that the

---

standard form complaint. (ECF No. 10). In the amended complaint, Plaintiff included the potential breach of contract and/or malpractice allegations. *Id*. at 10–12. He also added allegations claiming that he suffered damages of more than $200,000 and that he was a citizen of Maryland. *Id*. at 5–6.

2

allegations of the complaint were sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a) as to Plaintiff's apparent contract and malpractice claims. *Id.* at 5–6. The magistrate judge recommends that the court deny Defendant's motion to dismiss. *Id.* at 6.

Defendant filed objections to the Report (ECF No. 33), and Plaintiff filed a response to Defendant's objections (ECF No. 36). Having carefully reviewed the record and the arguments of the parties, the court concludes a hearing is unnecessary to resolve the matter before it.

**Standard of Review**

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the

absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## Discussion

Although Defendant objects to the ultimate recommendation of the Report, Defendant agrees with the magistrate judge's conclusion that Plaintiff cannot maintain a civil rights action against him because none of Defendant's alleged conduct occurred under color of law as required by § 1983. (ECF No. 33 at 1). Plaintiff, on the other hand, appears to object to this conclusion on the basis that Defendant, as an attorney, was an officer of the court and a member of the state bar association and was, therefore, acting under color of state law. (ECF No. 36 at 7). The court agrees with the magistrate judge's conclusion and rejects Plaintiff's argument. Liability under § 1983 will attach only to persons who violate federal rights while acting under color of state law; that is, a person acts under color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981). Therefore, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id*. at 318.

4

Defendant objects to the magistrate judge's conclusion that Plaintiff's complaint can be liberally construed to allege breach of contract or legal malpractice claims. (ECF No. 33 at 1–2). Defendant contends that "[o]nce the court finds that no State action is involved, [it] need go no further" to address any other potential claims. *Id*. at 1. The court disagrees, as such an approach would run contrary to this court's duty to liberally construe *pro se* complaints, which are reviewed under a more forgiving standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This objection is overruled.

Defendant also objects to the Report's liberal construction of the amended complaint to reach the conclusion that Plaintiff appears to have alleged breach of contract or legal malpractice claims, contending that Plaintiff nowhere alleged "any causes of action for breach of contract, legal malpractice claims, or any other claims." (ECF No. 33 at 1). Although the amended complaint does not expressly state a recognizable legal cause of action, it appears—if liberally construed—to raise claims for breach of contract and legal malpractice. *See* (ECF No. 10). As noted in the Report, Plaintiff alleges that Defendant "failed to perform the agreed-upon legal service," "accept[ed] representation and could not/did not perform representation completely," and "curtail[ed] services to client contrary to the client's interest." (ECF No. 28 at 2) (internal quotation marks omitted). Accordingly, the court

5

overrules Defendant's objection to the Report's conclusion that the *pro se* amended complaint could be construed as raising such claims.[2]

## Conclusion

Based on the foregoing, the court **DECLINES** to adopt the Report to the extent that it recommends denying Defendant's motion to dismiss Plaintiff's § 1983 claims for civil rights violations and **GRANTS** Defendant's motion to dismiss as to the § 1983 claims, (ECF No. 20). The court, however, **ADOPTS** the Report's recommendation that the court **DENY** the Defendant's motion to dismiss the amended complaint to the extent it raises potential breach of contract and legal malpractice claims. *Id.*

The court **DIRECTS** Plaintiff to file a second amended complaint within forty-five (45) days of this order clarifying whether Plaintiff is, in fact, alleging a breach of contract claim, a legal malpractice claim, or both. To the extent the Plaintiff claims legal malpractice, he must comply with the statutory requirement for an expert affidavit to be attached to a malpractice complaint, *see* S.C. Code Ann. § 15-36-100, as well as any other requirements for bringing such an action. Furthermore, Plaintiff must plead sufficient facts to demonstrate that jurisdiction exists under § 1332. *See Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir.

---

[2] Defendant's other objections raise issues that are either not relevant to the findings and conclusions set forth in the Report or are more appropriately addressed at a later stage in the proceedings. Accordingly, the court declines to address them at this time.

1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."); Fed. R. Civ. P. 8(a)(1). Plaintiff's **failure to comply with the foregoing directives may result in the dismissal of his action**. The matter is recommitted to the magistrate judge for further proceedings.

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 9, 2020

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.