# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| David Green, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:19-cv-3270-TMC |
| v. ) | |
| ) | **ORDER** |
| Ward Benjamin McClain, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff David Green, Jr. ("Plaintiff"), proceeding *pro se*, brought this action against Defendant Ward Benjamin McClain, Jr. ("Defendant"), who served as Plaintiff's attorney in connection with a 2017 arrest in Greenville County on charges that included illegal narcotics activity. (ECF Nos. 10; 20-1 at 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b), (e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's motion to dismiss and dismiss Plaintiff's claims with prejudice. (ECF No. 54).

## Background

Plaintiff initially filed this action on November 20, 2019, using a standard form Prisoner Complaint for Violation of Civil Rights. (ECF No. 1). The original complaint asserted a claim against Defendant, Plaintiff's former attorney, pursuant

to 42 U.S.C. § 1983. Plaintiff alleged he retained Defendant to represent him in a criminal matter but that he was unable to communicate with Defendant and Defendant failed to file a timely motion for his bond. *Id*. at 5–6. Plaintiff further contended that Defendant failed to obtain evidence and file motions at Plaintiff's request, moved to be relieved as counsel prior to the date of indictment, and caused Plaintiff to remain in detention for an extended period. *Id*. Plaintiff requests the court award him the cost of the retainer, lost wages, damages for loss of property as a result of detention, damages for being detained, compensation for time way from his family, and the costs of litigation. *Id.* The magistrate judge entered an order advising Plaintiff that Defendant was not a state actor as required by § 1983 and that there did not appear to be any other independent basis for federal jurisdiction. (ECF No. 8 at 4–7). The magistrate judge afforded Plaintiff an opportunity to file an amended complaint to establish a basis for jurisdiction. *Id.* at 7–8.

On December 4, 2019, Plaintiff filed an amended complaint, again using the standard form complaint. (ECF No. 10). Plaintiff asserted under § 1983 that Defendant violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights while serving as his lawyer. (ECF No. 10 at 4). He also alleged that Defendant failed to provide adequate or complete legal representation as he had agreed to do. *Id*. at 10–12. Finally, from the face of the amended complaint, it appeared that Plaintiff was

seeking damages of more than $200,000, that Plaintiff was a citizen of Maryland, and that Defendant was a citizen of South Carolina. *Id*. at 5–6.

Defendant filed a motion to dismiss Plaintiff's civil rights claims against him on the basis that, as an attorney in private practice, he was not acting under color of state law. (ECF No. 20-1 at 3). The court granted Defendant's motion to dismiss as to the § 1983 claims, recognizing that "liability under § 1983 will attach only to persons who violate federal rights while acting under color of state law" and that "'a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.'" (ECF No. 39 at 5 (quoting *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981))). The court, however, denied Defendant's motion to dismiss the amended complaint to the extent it could reasonably be construed as raising potential breach of contract and legal malpractice claims. *Id*. at 6. The court found that, "[a]lthough the amended complaint does not expressly state a recognizable legal cause of action, it appears—if liberally construed—to raise claims for breach of contract and legal malpractice," noting that Plaintiff alleged Defendant "failed to perform the agreed-upon legal service, accepted representation and could not/did not perform representation completely, and curtailed services to client contrary to the client's interest." *Id*. (internal quotation marks and alterations omitted). Therefore, the court directed Plaintiff to file a second amended complaint "clarifying whether Plaintiff is, in fact,

3

alleging a breach of contract claim, a legal malpractice claim, or both." *Id*. at 6. The court further instructed Plaintiff that, to the extent that he was alleging legal malpractice, compliance was required "with the statutory requirement for an expert affidavit to be attached to a malpractice complaint, *see* S.C. Code Ann. § 15-36-100, as well as any other requirements for bringing such an action." *Id*. Finally, Plaintiff was admonished to "plead sufficient facts" to establish the existence of diversity jurisdiction under § 1332 and warned that his failure to comply with any of the court's directives could result in the dismissal of his action. *Id*. at 7.

On July 27, 2020, Plaintiff filed a second amended complaint ("SAC"). (ECF Nos. 43, 44). In the SAC, Plaintiff asserts that he is pursuing "breach of contract and/or malpractice" claims against Defendant. (ECF No. 43 at 1). Plaintiff alleges that Defendant agreed to represent him for $5000 on charges stemming from an arrest on July 7, 2017. *Id*. at 2. According to the SAC, the parties then entered into a written retainer agreement on December 5, 2017. (ECF No. 43-1 at 1–2). The agreement states that "Client agrees to pay the sum of $5,000.00 for a plea; $10,000.00 for a trial" and that "Client understands that this attorney's fee excludes any bond hearings." (ECF No. 53-5). The agreement also states that either party "may terminate the representation of W. Benjamin McClain, Jr., L.L.C., at any

time." *Id.*[1] Plaintiff alleges that the Defendant failed to provide adequate representation, focusing in particular on Defendant's alleged refusal to pursue a bond on the basis that Plaintiff was not eligible for one (ECF No. 43-1 at 3); Defendant's alleged failure to keep Plaintiff informed about the status of his case; Defendant's failure to work on the case other than filing standard preliminary motions; and Defendant's failure to preserve important favorable evidence which is now lost. (ECF Nos. 43 at 2; 43-1 at 2, 6–8). Plaintiff also alleges that Defendant breached their agreement by filing a motion in July 2018 to be relieved as Plaintiff's counsel, (ECF No. 43 at 1–2; ECF No. 43-2 at 10), and that such motion violated the professional rules of conduct. (ECF No. 43-1 at 8–9). Plaintiff alleges that a state circuit court judge ordered Defendant to continue representing Plaintiff until Plaintiff could obtain substitute counsel—which Plaintiff did in October 2019—but that Defendant negligently failed to represent him during this time. *Id.* at 3–4, 8. Plaintiff appears to suggest this conduct constituted malpractice and a breach of their agreement. *Id.* at 6–8.

---

[1] Although Plaintiff did not attach the written agreement to the SAC, he identified the document, as noted above, and the document was integral to his breach of contract claim. Defendant attached the written agreement to his reply in support of the motion to dismiss. (ECF No. 53-5 at 1). It is appropriate, therefore, to consider it in connection with Defendant's motion to dismiss. *See Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) ("a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" when the document "was integral to and explicitly relied on in the complaint" and there was no challenge to its authenticity).

On July 29, 2020, Defendant filed a one-page motion to dismiss the SAC, (ECF No. 45), arguing that Plaintiff failed to provide the Court with an affidavit pursuant to S.C. Code Ann. § 15-36-100 with respect to his malpractice claim and that, in any event, Plaintiff's SAC fails to state facts sufficient to constitute a cause of action. In response, Plaintiff repeated the allegations set forth in his SAC, reiterating his claims that Defendant committed legal malpractice in the performance of his duties and that Defendant breached his contract of representation. (ECF No. 52 at 2, 11, 17).

On October 1, 2020, the magistrate judge issued a Report and Recommendation ("Report") recommending that this court grant Defendant's motion to dismiss and dismiss Plaintiff's action with prejudice. (ECF No. 54 at 12). With respect to the purported legal malpractice claim, the magistrate judge concluded that dismissal was required because Plaintiff's SAC failed to attach an expert affidavit as previously directed by the court, (ECF No. 39 at 6), and as required by applicable South Carolina law, *see* S.C. Code Ann. § 15-36-100. (ECF No. 54 at 10–11). With respect to Plaintiff's breach of contract claim, the magistrate judge found that "Plaintiff has asserted the same facts in support of his breach of contract claim as for his legal malpractice claim." *Id*. at 11. The magistrate judge then concluded that "because Plaintiff has asserted a claim for legal malpractice and breach of contract based on identical facts, that Defendant failed to adequately

represent him, and because Plaintiff has failed to submit an expert affidavit as required under S.C. Code Ann. § 15-36-100," the breach of contract claim should be dismissed as well. *Id*. at 12.  In so concluding, the magistrate judge noted that "allow[ing] Plaintiffs to state a claim for breach of fiduciary duty based on the same facts would merely allow a way around the requirement of an expert affidavit under § 15-36-100." *Id*. (internal quotation marks omitted).  Plaintiff was notified of his right to file objections to the Report and of the consequences for failing to do so. (ECF No. 54 at 13).  The Report was sent to Plaintiff via U.S. mail to Plaintiff's last known address and was not unreturned as undeliverable. (ECF No. 55).[2]  Plaintiff did not file objections to the Report and the time for doing so has now lapsed.

## Discussion

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

---

[2] The mailing address used for Plaintiff was 4900 Chandellon Rd. B1, Baltimore, Md 21207, which was the return address included on Plaintiff's response to Defendant's motion to dismiss (ECF No. 52-2), and, therefore, used by the court as his official address.

Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

The court has thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report (ECF No. 54), and incorporates it herein. Accordingly, Defendant's motion to dismiss the SAC is **GRANTED** (ECF No. 45), and Plaintiff's action is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 14, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.